# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hamze Sweid, <br>     Petitioner, <br> v. <br> John Cantu, et al., <br>     Respondents. | No. CV-25-03590-PHX-SPL (CDB) <br><br> **ORDER** |

On September 30, 2025, Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and a motion for temporary restraining order requesting the same. (Docs. 1, 2.) That same day, the Court notified the parties of its intent to consolidate the request for injunctive relief with the merits pursuant to Rule 65(a)(2) and ordered Respondents to show cause why the petition should not be granted. (Doc. 5.) However, after briefing, the Court denied—without prejudice—the motion for injunctive relief, declined to consolidate that ruling with the merits of the petition, and ordered Respondents to further answer the petition. (Doc. 9.) Respondents have now answered the petition (Doc. 11) and Petitioner has replied (Doc. 12). Petitioner has also renewed his motion for injunctive relief. (Doc. 10).[1]

Respondents provide a declaration from ICE Deportation Officer ("DO") Robert

---
[1] Respondents filed a combined answer to the petition and response to the renewed motion for injunctive relief. (Doc. 11.)

Jones avowing that ICE received Petitioner's travel documents from Lebanon on October 16, 2025; that ICE made "travel arrangements" for Petitioner's removal to Lebanon on October 23, 2025; and that removal was, as of November 12, 2025, "scheduled to occur in the next few weeks." (Doc. 11-2 ¶¶ 3-5). As of the date of this order, however, it does not appear that Petitioner has been removed.

Given that Petitioner's detention now extends beyond the presumptively reasonable period identified in *Zadvydas*, and that Petitioner's removal has not occurred in the weeks since DO Jones prepared his declaration, the Court will order Respondents to provide additional evidence supporting the avowals made in DO Jones's declaration. Specifically, Respondents shall provide evidence to support what travel arrangements have been made and when they are scheduled to occur. This evidence may be provided *ex parte* and *in camera* if necessary.

**IT IS THEREFORE ORDERED** that no later than **5:00 p.m. Friday, December 5, 2025**, Respondents shall submit any evidence supporting the specific travel arrangements haven been made to effect Petitioner's removal and when those arrangements are scheduled to occur. This evidence may be provided *ex parte* and *in camera* if necessary.

Dated this 3rd day of December, 2025.

Dominic W. Lanza
United States District Judge